IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:09-CR-75-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MAURICE CLINTON BROWN, III, | ) | |
| | ) | |
| Defendant. | ) | |

On May 17, 2010, pursuant to a plea agreement [D.E. 109], Maurice Clinton Brown, III ("Brown") pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute more than 5 kilograms of cocaine and more than 50 grams of cocaine base (crack) in violation of 21 U.S.C. §§ 841(a)(1) and 846. See [D.E. 67] 1–2; [D.E. 108]; [D.E. 109] 3–4, 6. The conspiracy took place from in or about 1999 until in or about March 2009. See [D.E. 67] 1.

On October 5, 2010, the court held Brown's sentencing hearing. See [D.E. 132, 133]. At the hearing, the court adopted the facts in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A). The court calculated Brown's total offense level to be 33, his criminal history category to be V, and his advisory guideline range to be 210 to 262 months. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a) and the government's motion under U.S.S.G. § 5K1.1 [D.E. 130], the court sentenced Brown to 120 months' imprisonment. See [D.E. 133]. On November 3, 2011, pursuant to Rule 35(b), the court reduced Brown's sentence to 90 months. See [D.E. 170].

On August 27, 2012, Brown filed a pro se motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 750 to the Sentencing Guidelines [D.E. 174]. On April 18, 2013, the court denied Brown's motion for a sentence reduction [D.E. 182].

On May 6, 2014, Brown filed a second pro se motion for a sentence reduction under 18 U.S.C. § 3582(c) [D.E. 186]. On July 22, 2014, the government filed a response in opposition [D.E. 201]. On October 15, 2014, the court denied Brown's motion to reduce his sentence [D.E. 216].

On October 28, 2014, Brown, through counsel, filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 218]. Brown's new advisory guideline range is 168 to 210 months' imprisonment based on a total offense level of 31 and a criminal history category of V. See Resentencing Report. Brown seeks a 72-month sentence. See id. On September 2, 2015, Brown filed a memorandum in support [D.E. 235]. On September 8, 2015, the government responded [D.E. 237].

The court has discretion to reduce Brown's sentence. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Brown's sentence, the court finds that Brown engaged in a serious and prolonged conspiracy to distribute and possess with intent to distribute cocaine base (crack) and cocaine. See PSR ¶¶ 17–20. Furthermore, Brown has a lengthy and disturbing criminal history, including multiple convictions for violent behavior, drug offenses, and driving while impaired. See id. ¶¶ 22–42. Moreover, when not incarcerated, Brown has a spotty work history. See id. ¶¶ 58–62. Nonetheless, while incarcerated on his federal sentence, Brown has taken some positive steps. See [D.E. 235] 6–8; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, cmt. n.1(B)(iii).

Having reviewed the entire record and all relevant policy statements, the court finds that

Brown's sentence of 90 months was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing Brown's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Brown's serious criminal conduct and serious criminal history do not support reducing Brown's sentence. Thus, the court denies Brown's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Brown's motion for reduction of sentence [D.E. 218] is DENIED.

SO ORDERED. This 16 day of May 2016.

JAMES C. DEVER III
Chief United States District Judge